FILED
MAY 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
APR 22 2008
Apr 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel.

**Karla Sylton R36246**
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

**Carolyn Troncoso**
(Warden, Superintendent, or authorized person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank **only** if judgment attacked imposes a sentence to commence in the future)

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

08CV2293
JUDGE DOW
MAG. JUDGE DENLOW

Case Number of State Court Conviction:

**00 CR 14045**

PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: **1st Judicial Circuit Cook County Illinois**

2. Date of judgment of conviction: **May 23, 2001**

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known) **Aggravated Kidnapping w/bludgeon**

4. Sentence(s) imposed: **12 years**

5. What was your plea? (Check one)
   (A) Not guilty (X)
   (B) Guilty ( )
   (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
**N/A**

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):     Jury (X)     Judge only ( )

2. Did you testify at trial?   YES (X)     NO  ( )

3. Did you appeal from the conviction or the sentence imposed? YES (X)   NO ( )

   (A) If you appealed, give the

   (1) Name of court: _Ill. Appellate Court 1st District_

   (2) Result: _Conviction Affirmed_

   (3) Date of ruling: _July 2, 2003_

   (4) Issues raised: _No evidence presented that defendant was armed with a bludgeon._

   (B) If you did not appeal, explain briefly why not:
   _N/A_

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES ( )    NO (X)

   (A) If yes, give the

   (1) Result _____

   (2) Date of ruling: _____

   (3) Issues raised: _____

   (B) If no, why not: _Atty said it would be useless_

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( )   No (X)

   If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

2

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (X)  NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A. Name of court: Cook County Circuit Court

B. Date of filing: Feb. 16, 2006

C. Issues raised: Ineffective appellate counsel and violation of 5th + 14th constitutional right to due process

D. Did you receive an evidentiary hearing on your petition?  YES ( )  NO (X)

E. What was the court's ruling? Petition Dismissed

F. Date of court's ruling: Feb. 27, 2006

G. Did you appeal from the ruling on your petition?  YES (X)  NO ( )

H. (a) If yes, (1) what was the result? Judgment Affirmed

   (2) date of decision: Sept. 14, 2007

   (b) If no, explain briefly why not: _____

I. Did you appeal, or seek leave to appeal this decision to the highest state court?

YES (X)  NO ( )

(a) If yes, (1) what was the result? Denied leave to appeal

   (2) date of decision: Dec. 2007

   (b) If no, explain briefly why not: _____

3

2. With respect to this conviction or sentence, have you filed a petition in a state court using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (X)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding   _____

   2. Date petition filed   _____

   3. Ruling on the petition   _____

   3. Date of ruling   _____

   4. If you appealed, what was the ruling on appeal?   _____

   5. Date of ruling on appeal   _____

   6. If there was a further appeal, what was the ruling?   _____

   7. Date of ruling on appeal   _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in federal court?   YES ( )   NO (X)

   A. If yes, give name of court, case title and case number: _____

   B. Did the court rule on your petition? If so, state

      (1) Ruling: _____

      (2) Date: _____

4. **WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( )   NO (X)

If yes, explain: _____

4

## PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one __Due Process violation__
Supporting facts (tell your story briefly without citing cases or law):

Petitioner's due process rights were violated by the split verdicts of the jury, when petitioner used an affirmative defense of necessity, the all elements of Justifiable use of Force were proved when she was acquitted of aggravated kidnapping w/firearm. There was never any question if petitione had the firearm. (See attached page one)

(B) Ground two __Ineffective Appellate Counsel__
Supporting facts:

Petitioner was denied her right to consultation and her right to participate in the strategy for her direct appeal. Petitioner had no contact nor correspondence with retained counsel, Stanley Hill, from the day she was sentenced on May 23, 2001 until she received a letter (See attached page 6)

5

(C) Ground three  Evidence not allowed to be entered
Supporting facts:
Trial judge, Stanley Sacks refused to allow letters written to petitioner to be entered into evidence. While petitioner and her husband/co-defendant were in Cook County Jail awaiting trial, Charles Sulton wrote several letters to petitioner regarding the case pending against them.
(See attached page 8)

(D) Ground four  Denial of trial transcripts
Supporting facts:
Petitioner's family made several trips to the Circuit Clerk of Cook County's office between September 2003 and March 2004 in an attempt to pay for a copy of petitioner's trial transcripts so that petitioner could work on her Post-Conviction petition, after the denial of her appeal in June 2003. See attached page 8

2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?
    YES (X)   NO ( )

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing Stanley Hill 10 S. LaSalle St. Chgo IL 60603
(B) At arraignment and plea Stanley Hill 10 S. LaSalle St. Chgo IL 60603
(C) At trial Stanley Hill 10 S. LaSalle St. Chgo IL 60603
(D) At sentencing Stanley Hill 10 S. LaSalle St. Chgo IL 60603
(E) On appeal Stanley Hill 10 S. LaSalle St. Chgo IL 60603
(F) In any post-conviction proceeding Pro-Se
(G) Other (state): Appeal of P.C. Maria Harrigan State Appellate Defender

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: 4-4-08         Kayla Sulton  Pro-Se
           (Date)          Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Kayla Sulton
(Signature of petitioner)
R36296
(I.D. Number)
P.O. Box 549 Lincoln IL 62656
(Address)

REVISED 01/01/2001

7

page 1

A) Ground One

Petitioner testified at trial that she had the firearm and aimed it at the victim. Petitioner contends all of the actions that she took part in on the night of May 19, 2000 were done out of necessity.

Her actions were done in a effort to prevent her husband, Charles Sulton, who has a well documented history of violence and murder, from killing Ms. Crowell. Petitioners' co-defendant, who was her husband at the time, planned on killing the victim, Ms. Crowell. He stated this fact to petitioner several times after Ms. Crowell arrived voluntarily at the Sultons' home.

Petitioner was not free to leave the house when she became aware of Charles Sulton's intentions. After Ms. Crowell arrived at the house, Charles locked the doors with the deadbolt lock and removed the key from the lock. This prevented petitioner from fleeing the house

page 2

A) Ground One con't

and summoning help. Petitioner feared what would happen if Charles caught her on the telephone trying to get help.

These beliefs of bodily harm or death were not unreasonable to petitioner because Charles Sulton was on parole for murder and aggravated kidnapping. All actions of petitioner on the night of May 19, 2000 were done to prevent greater harm and/or death to Ms Crowell and/or petitioner.

The defense of necessity is viewed as involving the choice between two or more admitted evils where optional courses of action are unavailable, and the conduct chosen must promote some higher value than the value of literal compliance with the law.

Some courts have read the second prong of the defense to justify only such otherwise illegal conduct which constitutes the sole reasonable alternative.

Page 3

A) Ground One con't

Simply stated, the defense of necessity involves a choice that can be made only between two or more admitted evils. However when another alternative exists besides the evil choices which, if carried out, would cause less harm, the accused is not justified in breaking the law. The petitioner had no othe alternatives.

The petitioner has met the burden in all three prongs regarding BOTH charges, aggravated kidnapping w/firearm and aggravated kidnapping w/bludgeon. When the jury found petitioner not guilty of aggravated kidnapping with a firearm, that defacto acquitted petitioner of aggravated kidnapping with a bludgeon, because of the nature of her defense necessity.

The issue is can there be legally inconsistent verdicts when an affirmative defense is used at trial.

Page 4

A) Ground One cont

In People v. Jones, 207 Ill.2d 122, 797 N.E.2d 640 the court said, "Defendants in Illinois can no longer challenge convictions on the sole basis that they are legally inconsistent with acquittals on other charges."
 Can one's actions be justified and not be justified at the same time for the same crime, with the same elements. The statute is clear, 720 ILCS 5/7-13,... if the accused reasonably believed such conduct was necessary to avoid a public or private injury GREATER than the injury which might reasonably result from his own conduct.
 There could have been greater harm from the firearm, rather than the bludgeon. Petitioner admitted to having the firearm and the jury had the firearm in the room with them during deliberations. Clearly being armed with a firearm

A) Ground One con't
can cause greater harm than being armed with a bludgeon.

U.S. v. Powell reiterated that "consistency in the verdicts is not required as a matter of constitutional law and that inconsistent verdicts can often be explained as a product of jury lenity."

In this case, it is not leniency that is the issue. It is the intent of the legislature with the statute, justifiable use of force: Exoneration on all charges up to but excluding death.

When petitioner was acquitted of aggravated kidnapping w/firearm and convicted of aggravated kidnapping w/bludgeon, and used the defense of necessity, she should have been acquitted of all charges resulting from the one crime.

The issue here is whether petitioner's actions were justified or were her actions not justified. To allow her conviction to stand would confer

Page 6

A) Ground One con't
conflicting states of mind for the same act at the same time.
  When the jury acquitted petitioner of aggravated kidnapping with a firearm, they defacto acquitted petitioner of aggravated kidnapping with a bludgeon, because they ruled her actions were justified.
  To allow petitioner's conviction for aggravated kidnapping with a bludgeon to stand, is a violation of her constitutional right to due process.


B. Ground Two
  from counsel on July 5, 2003, that her appeal was denied. Petitioner was not made aware of issues counsel raised in her appeal so therefore could not consent to the issues raised in her appeal. Petitioner was absolutely and totally denied any input whatsoever into her own direct appeal. Petitioner's family informed counsel

Page 7

B) Ground Two con't
when they paid the fee for the appeal that petitioner needed to speak with counsel. Counsel told petitioner's family that he would get in contact with petitioner, but counsel failed to do so. Petitioners family made numerous visits and phone calls to counsels office concerning contact with petitioner.

   Petitioner first saw the briefs filed in her direct appeal in Feb. 2007, when she filed an appeal of the denial of her Post-Conviction Petition. The briefs were sent to petitioner not by Stanley Hill, but by the Office of the State Appellate Defender, who was appointed to represent her by the Appellate Court. This was almost a full five years after the brief was filed.

   This is a violation of petitioners 6th Amendment right to effective assistance of appellate counsel.

Page 8

C) Ground Three con't

In the letters Charles states repeatedly that defendant should have allowed him to kill the victim, Ms. Crowell. Charles Sulton had been released from prison 1½ years earlier for murder, aggravated kidnapping and armed robbery.

These letters would have bolstered petitioners claim that she was in fear of her and Ms Crowell's life and her actions on the night of May 19, 2000 were done out of necessity.

D) Ground Four con't

At first her family was told the clerks office would locate the transcripts. After several months and several trips, petitioner's family was told the stenographer couldn't be located and they could not produce a record of the court proceedings.

In April, 2004 petitioner filed a Motion for Trial Transcripts and

Page 9

D) Ground Four cont
Common Law Records. The motion was denied by Judge Stanley Sacks on November 23, 2005

Denial of the transcripts has caused a hardship in petitioners effort in preparing her Post-Conviction Petition. Petitioner cant raise issues such as improper remarks, because petitioner has no record of what was said. Denial of transcripts has limited petitioners access to the courts

Petitioner's 5th and 14th constitutional rights to due process are violated by the denial of her transcripts