IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
|   KARLA SULTON, | ) | |
| | ) | |
|        Petitioner, | ) | |
| | ) | |
|       v. | ) | No. 08 C 2293 |
| | ) | |
| CAROLYN TRANCOSO, Warden, | ) | |
|   Lincoln Correctional Center, | ) | The Honorable |
| | ) | Robert M. Dow, Jr., |
|        Respondent. | ) | Judge Presiding. |

## MOTION TO DISMISS AS TIME-BARRED

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. §2244(d)(1)(A), respondent CAROLYN TRANCOSO moves this Court to dismiss the instant petition for a writ of habeas corpus and, in support, states as follows:

1.     Petitioner Karla Sulton – identified as prisoner number R36246 –  is in the custody of Carolyn Trancoso, warden of the Lincoln Correctional Center in Lincoln, Illinois.

2.     On July 13, 2001, petitioner was sentenced to 12 years' imprisonment after being convicted in the Circuit Court of Cook County of aggravated kidnaping with a bludgeon.  *See People v. Sulton*, No. 1-01-2906 (Ill.App. 2003) (Rule 23 Order) (Exhibit A).  The Illinois Appellate Court affirmed the conviction and sentence on

June 27, 2003. *See id.* Petitioner did not file a petition for leave to appeal (PLA) in the Illinois Supreme Court. *See* Pet. at 2.

3.      On February 8, 2006,[1] petitioner filed a petition for postconviction relief in the Circuit Court of Cook County. *See* Petition for Post-Conviction Relief, *People v. Sulton*, No. 00-CR-14045 (Exhibit B). The petition was dismissed on February 27, 2006. *See* Order Dismissing Post-Conviction Petition, *People v. Sulton*, No. 00-CR-14045 (Exhibit C). Petitioner appealed, and her counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987); the Illinois Appellate Court, First District, allowed the withdrawal and affirmed the judgment on September 14, 2007. *See People v. Sulton*, No. 1-06-2886 (Ill.App. 2007) (Rule 23 Order) (Exhibit D). Petitioner filed a PLA in the Illinois Supreme Court that the court denied on November 29, 2007. *See* PLA, *People v. Sulton*, No. 105455 (Exhibit E); Order Denying PLA, *People v. Sulton*, No. 105455 (Exhibit F).

4.      On April 22, 2008, petitioner filed the instant petition for writ of habeas corpus, raising four claims:

(a)      the jury's split verdicts denied her due process;

(b)      her appellate counsel was ineffective for failing to communicate with her;

(c)      the trial judge erred in not admitting evidence of letters to petitioner from her codefendant; and

---

[1] Petitioner signed the postconviction petition on February 8, although it was not actually filed until February 16. The discrepancy does not affect the ultimate conclusion that the instant petition is untimely, so respondent has given petitioner the benefit of the earlier date.

(d)     she was denied a copy of her trial transcripts with which to work on her postconviction petition.

5.     The petition should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations for filing habeas petitions.  Petitioner does not allege a State-created impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim.  *See* 28 U.S.C. §2244(d)(1)(B)-(D). Therefore, the date on which petitioner's conviction became final is the only applicable date on which to start section 2244(d)(1)'s one-year limitations period. *See* 28 U.S.C. §2244(d)(1)(A).

6.     Petitioner's conviction was affirmed by the state appellate court on June 27, 2003.  Exh. A.  At that time, Illinois Supreme Court Rule 315(b) required a party to file her PLA within 21 days of the entry of the appellate court's judgment, unless the party filed a petition for rehearing or a timely notice of intent that would extend the filing date to 35 days.[2]  Ill. Sup. Ct. R. 315(b) (West 2004).  Thus, the date on which "the judgment became final by . . . the expiration of time for seeking [direct] review" was July 18, 2003.  §2244(d)(1)(A); *Hughes v. McCann*, 521 F.Supp.2d 750, 753-54 (N.D. Ill. 2007) (when petitioner does not file PLA on direct appeal, limitations period under §2244(d)(1)(A) begins to run 21 days after state appellate court's affirmance); *Gaddis v. Jones*, No. 07-2114, 2007 WL 3085991, *2

---

[2] The rule has since been amended to allow all would-be petitioners 35 days in which to file a PLA.  A notice of intent is no longer required.

(C.D. Ill. 2007) (same); *Pittman v. Chandler*, No. 07 C 765, 2007 WL 2601258, *2

(N.D. Ill. 2007) (same).  Therefore, petitioner's habeas petition was due on or before

July 18, 2004.  *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000) (statute

of limitations begins to run under § 2244(d)(1)(A) when time for seeking direct

review of conviction is concluded).   However, the instant petition was filed April 22,

2008 — well outside the one-year statute of limitations.

   7. Petitioner's state-court collateral attack — filed after section 2244(d)'s

limitations period had expired — was too late to have any tolling effect.  Under §

2244(d)(2), the limitations period is tolled during the pendency of a "properly filed"

application for postconviction relief or other collateral review.  *Pace v. DiGuglielmo*,

544 U.S. 408, 410 (2005).   However, between July 18, 2003, when the limitations

period began running under §2244(d)(1)(A), and February 8, 2006, when petitioner

filed her postconviction petition, 936 days elapsed – 571 days beyond the statute of

limitations.  Therefore, that state postconviction petition was filed too late to have

any tolling effect under §2244(d)(2) because the limitations period had already

expired.  *See Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state

court's willingness to entertain a belated collateral attack on the merits does not

affect the timeliness of the federal proceeding, because no state collateral review

was 'pending' during 1998 and 1999.").

   8. In addition, 145 days elapsed between the conclusion of petitioner's

state postconviction proceedings (November 29, 2007, when the Illinois Supreme

Court denied her PLA) and the initiation of her federal habeas proceedings (April 22, 2008). *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007) (statute of limitations for federal habeas petition tolled only during pendency of state postconviction proceeding, but not during any time used to seek certiorari in United States Supreme Court after review by state postconviction courts is concluded). When added to the 936 days that elapsed between the finality of conviction (July 18, 2003) and the initiation of postconviction proceedings (February 8, 2006), the instant petition was filed 1081 days after petitioner's conviction became final – or 716 days late.

9.     Petitioner has not argued that equitable tolling should excuse her untimely filing. *See*, *e.g.*, *Pace*, 544 U.S. at 418 (litigant seeking equitable tolling generally bears burden of demonstrating that (1) he has been pursuing his rights diligently; and (2) some "extraordinary circumstance" prevented timely filing); *Escamilla*, 426 F.3d at 872 (citing *Pace*).[3]  Petitioner has not pursued her rights diligently (for instance, she did not file a PLA from her direct appeal), and there is no evidence of any "extraordinary circumstance" that prevented her from complying with AEDPA's limitations period.  Petitioner states in passing that she had difficulty obtaining her trial transcripts while attempting to file her state

---

[3] Neither the Supreme Court nor the Seventh Circuit has squarely decided whether equitable tolling applies to AEDPA's limitations period. *See Lawrence*, 127 S. Ct. at 1085 n.3 (assuming, without deciding that the limitations period in § 2244(d)(1) is subject to equitable tolling); *Pace*, 544 U.S. at 418 & n.8 (same); *Modrowski v. Mote*, 322 F.3d 965, 967 n.2 (7th Cir. 2003) (reserving the question).

postconviction petition.  *See* Pet. at 6.  While this allegation might explain petitioner's delay in filing her state postconviction petition, it does not explain her failure to file a *federal* habeas petition in a timely fashion.  In any event, lack of access to trial transcripts is not a basis for equitable tolling.  *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002).

10.    Accordingly, because this habeas petition was filed beyond the limitations period provided by 2244(d)(1), it should be dismissed with prejudice.

11.    The following state-court materials, relevant to the disposition of this motion, are being manually filed under separate cover contemporaneously with this motion:

Exhibit A:    *People v. Sulton*, No. 1-01-2906 (Ill.App. 2003) (Rule 23 Order);

Exhibit B:    Petition for Post-Conviction Relief, *People v. Sulton*, No. 00-CR-14045;

Exhibit C:    Order Dismissing Post-Conviction Petition, *People v. Sulton*, No. 00-CR-14045;

Exhibit D*:*    *People v. Sulton*, No. 1-06-2886 (Ill.App. 2007) (Rule 23 Order);

Exhibit E:    PLA, *People v. Sulton*, No. 105455; and

Exhibit F:    Order Denying PLA, *People v. Sulton*, No. 105455.

## **CONCLUSION**

This Court should dismiss petitioner's § 2254 petition with prejudice because it is time-barred under § 2244(d)(1)(A).  If this Court determines that the petition is timely, respondent requests thirty days from the entry of the Court's order denying this motion to address the merits of, and any procedural defenses to, petitioner's claims in a subsequent submission.


July 10, 2008                                    Respectfully submitted,


                                                 LISA MADIGAN
                                                 Attorney General of Illinois

                                    By:    s/Erica R. Seyburn
                                           ERICA R. SEYBURN, Bar # 6287357
                                           Assistant Attorney General
                                           100 West Randolph Street, 12th Floor
                                           Chicago, Illinois 60601-3218
                                           PHONE: (312) 814-2139
                                           FAX: (312) 814-2253
                                           E-MAIL: eseyburn@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, I electronically filed respondent's **Motion to Dismiss** and the accompanying **Notice of Motion** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed copies of these documents via United States Postal Service to the following non-CM/ECF user:

Karla Sulton, #R36246
Lincoln Correctional Center
1098 1350th St.
P.O. Box 549
Lincoln, IL 62656.

LISA MADIGAN
Attorney General of Illinois

By:      s/Erica Seyburn_____
ERICA R. SEYBURN, Bar # 6287357
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-2139
FAX: (312) 814-2253
E-MAIL: eseyburn@atg.state.il.us