IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  KARLA SULTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08 C 2293 |
| | ) | |
| CAROLYN TRANCOSO, Warden,<br>  Lincoln Correctional Center, | ) | The Honorable |
| | ) | Robert M. Dow, Jr., |
| Respondent. | ) | Judge Presiding. |

**REPLY TO PETITIONER'S RESPONSE TO
RESPONDENT'S MOTION TO DISMISS**

Respondent CAROLYN TRANCOSO hereby files this reply to petitioner's response to respondent's motion to dismiss, and states as follows:

1. On April 22, 2008, petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 7). On July 10, 2008, respondent moved to dismiss the petition as time-barred. (Doc. 14). On August 7, 2008, petitioner filed her response to this motion. (Doc. 18).

2. In her response, petitioner argues that the untimeliness of her petition should be excused by equitable tolling, as she "has been pursuing her rights diligently and the extraordinary circumstances that have prevented her timely filing were that of State-Created impediments." (Doc. 18 at 2). Specifically, petitioner contends that:

    (a)    the state circuit court clerk's office would not provide her with a copy of the trial transcripts, or timely information about those transcripts, delaying the filing of her state postconviction petition;

    (b)    after she moved for production of those transcripts, the state court did not rule on her motion for 19 months, delaying the filing of her state postconviction petition;

    (c)    her appeal from the denial of her motion for production of the transcripts "disappeared" from the prison mail system and the clerk's office; and

    (d)    the appeal from the denial of her postconviction petition also "disappeared."

(Doc. 18 at 3). Even taking these allegations as true, equitable tolling is not appropriate in this case.

    3.    In order to avail herself of equitable tolling, petitioner must establish two elements: (1) that she has been pursuing her rights diligently; and (2) that some extraordinary circumstances far beyond her control stood in the way of a timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005) (assuming, without deciding, that the limitations period in § 2244(d)(1) is subject to equitable tolling); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). The Seventh Circuit has yet to identify a factual circumstance so extraordinary that it warrants equitable tolling.

    4.    Assuming, *arguendo*, that equitable tolling is applicable to AEDPA's limitations period, petitioner cannot satisfy either requirement. Petitioner has not established that she has pursued her rights diligently under *Pace*'s first prong. First, as explained in respondent's motion to dismiss, the limitations period began

to run on July 18, 2003, following the conclusion of direct appeal proceedings; however, petitioner did not file the instant petition until April 22, 2008. (Doc. 14 at 3). Second, petitioner did not file a PLA from her direct appeal, indicating that she did not pursue her rights diligently through that method of state-court review. Finally, 145 days elapsed between the conclusion of petitioner's state postconviction proceedings and the filing of the instant petition; petitioner admits as much, and offers no explanation for this additional delay. (Doc. 18 at 2). Because petitioner has not shown that she pursued her rights diligently, she has not met her burden under *Pace*'s first prong and is not entitled to equitable tolling.

5.     Petitioner's allegations also do not rise to the level of "extraordinary circumstances" under *Pace*'s second prong. Each of her allegations relates to the delay in filing her postconviction petition and appeal from the denial of that petition. However, as explained in respondent's motion, petitioner's postconviction petition was not filed until February 8, 2006 — long after the limitations period for federal habeas relief had expired. (Doc. 14 at 4). The allegations in her response might explain the delay in filing her state postconviction petition, and the appeal therefrom, but they do not explain her failure to file a *federal* habeas petition in a timely fashion.

6.     In any event, lack of access to trial transcripts is not a basis for equitable tolling. *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). This difficulty is due in part to petitioner's incarceration, and the fact of incarceration does not meet the *Pace* standard. *See Johnson v. McCaughtry*, 265 F.3d 559, 566

(7th Cir. 2001). Nothing prevented petitioner from filing the instant petition even if she was having difficulty obtaining the trial transcripts. "Although mere notice pleading is not sufficient in the habeas corpus context, there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief." *See Lloyd,* 296 F.3d at 633.

7. As explained in respondent's motion to dismiss, the limitations period began to run on July 18, 2003 (at the conclusion of her direct appeal) and expired one year later on July 18, 2004. Petitioner did not file the instant habeas petition until April 22, 2008 — 1081 days after the conclusion of her direct appeal, or 716 days late. Accordingly, petitioner is not entitled to equitable tolling, and her petition should be dismissed as time-barred.

## **CONCLUSION**

This Court should dismiss petitioner's § 2254 petition with prejudice because it is time-barred under § 2244(d)(1)(A). If this Court determines that the petition is timely, respondent requests 30 days from the entry of the Court's order to address the merits of, and any procedural defenses to, petitioner's claims.

August 20, 2008                                   Respectfully submitted,

                                                                                       LISA MADIGAN
                                                                                       Attorney General of Illinois

                                      By:    s/Erica R. Seyburn
                                                             ERICA R. SEYBURN, Bar # 6287357
                                                              Assistant Attorney General
                                                              100 West Randolph Street, 12th Floor
                                                              Chicago, Illinois 60601-3218
                                                              PHONE: (312) 814-2139
                                                              FAX: (312) 814-2253
                                                              E-MAIL: eseyburn@atg.state.il.us

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 20, 2008, I electronically filed respondent's **Reply to Petitioner's Response** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of this document via United States Postal Service to the following non-CM/ECF user:

 Karla Sulton, #R36246
 Lincoln Correctional Center
 1098 1350th St.
 P.O. Box 549
 Lincoln, IL 62656.


            LISA MADIGAN
            Attorney General of Illinois

      By:  s/Erica Seyburn_____
            ERICA R. SEYBURN, Bar # 6287357
            Assistant Attorney General
            100 West Randolph Street, 12th Floor
            Chicago, Illinois 60601-3218
            PHONE: (312) 814-2139
            FAX: (312) 814-2253
            E-MAIL: eseyburn@atg.state.il.us