IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KARLA SULTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.: 08-CV-2293 |
| | ) | |
| CAROLYN TRANCOSO, Warden, | ) | Judge Robert M. Dow, Jr. |
| Lincoln Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondent Carolyn Trancoso's motion to dismiss Petitioner Karla Sulton's petition for habeas corpus [14] on the ground that the petition is time barred under the one year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, Respondent's motion [14] is granted.

**I.   Background**

On July 13, 2001, Petitioner was sentenced to twelve years in prison after being found guilty of aggravated kidnapping with a bludgeon in the Circuit Court of Cook County. She is now in the custody of Respondent, the Warden of the Lincoln Correctional Center in Lincoln, Illinois.

On June 27, 2003, the Illinois Appellate Court, on direct appeal, affirmed Petitioner's conviction. Petitioner declined to file a petition for leave to appeal (PLA) in the Illinois Supreme Court. On February 8, 2006, Petitioner filed a petition for post-conviction relief in the Circuit

Court of Cook County.[1]  The Circuit Court dismissed the post-conviction petition on February 27, 2006, and Petitioner appealed.  Her counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) (right to appointed counsel extends only to first appeal of right, and since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, she has no such right when attacking, in post-conviction proceedings, a conviction that has become final upon exhaustion of the appellate process).  The Appellate Court granted the motion to withdraw and affirmed the judgment on September 14, 2007.  On November 29, 2007, the Illinois Supreme Court denied a petition for leave to appeal.

On April 22, 2008, Petitioner filed her petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254.  Petitioner raises four substantive issues:  (i) the jury's split verdicts denied her due process; (ii) her appellate counsel was ineffective for failing to communicate with her; (iii) the trial judge erred in not admitting evidence of letters to Petitioner from her codefendant; and (iv) she was denied a copy of her trial transcripts with which to work on her post-conviction petition.

**II.      Analysis**

It is undisputed that Petitioner has no further state court avenues of review, and thus she has exhausted her available state remedies as required by 28 U.S.C. § 2254(b).  The question raised in Respondent's motion is whether the petition should be dismissed as untimely under the

---

[1]  Petitioner signed the post-conviction petition on February 8, although it actually was not filed until February 16.  The Court construes the petition as having been filed on February 8.

one year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Recently, the Supreme Court reaffirmed that where, as here, a "federal prisoner chooses not to seek direct review" in the Supreme Court, "the conviction becomes final when 'the time for filing a certiorari petition expires.'" *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009).

The Illinois Appellate Court affirmed Petitioner's conviction on June 27, 2003. At that time, Illinois Supreme Court Rule 315(b) required a party to file her PLA within twenty-one days of the entry of the appellate court's judgment, unless the party filed a petition for rehearing or a timely notice of intent that would extend the filing date to thirty-five days. The rule since has been amended to allow all would-be petitioners thirty-five days in which to file a PLA.[2] Ill. Sup. Ct. R. 315(b) (West 2004). Thus, the date on which the "judgment became final by * * * the expiration of time for seeking [direct] review" was July 18, 2003. See *Hughes v. McCann*, 521

---

[2] Even if Court used the thirty-five day rule, the result would not change.

F. Supp. 2d 750, 753-54 (N.D. Ill. 2007) (when petitioner does not file PLA on direct appeal, limitations period under § 2244(d)(1)(A) begins to run twenty-one days after state appellate court affirms). As of that date, the one year limitations period under § 2244(d)(1)(A) began to run, and Petitioner's habeas petition was due on or before July 18, 2004. See *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000) (statute of limitations begins to run under § 2244(d)(1)(A) when time for seeking direct review of conviction is concluded). The instant petition was filed on April 22, 2008, well outside the one-year statute of limitations.

Petitioner's state court collateral attack – filed after § 2244(d)(1)(A)'s limitations period had expired – was too late to have any tolling effect. Under § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief or other collateral review. See *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). However, between July 18, 2003, when the limitations period began running under § 2244(d)(1)(A), and February 8, 2006, when Petitioner filed her post-conviction petition, 936 days elapsed – 571 days beyond the statute of limitations. Because the limitations period already had expired, the state post-conviction petition was filed too late to have any tolling effect under § 2244(d)(2). See *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding, because no state collateral review was 'pending' during 1998 and 1999").[3]

---

[3] 145 days elapsed between November 29, 2007, when the Illinois Supreme Court denied Petitioner's PLA, and April 22, 2008, when she filed her federal habeas petition. See *Lawrence v. Florida*, 127 S.Ct. 1079, 1083-84 (2007) (statute of limitations for federal habeas petition tolled during pendency of state post-conviction proceeding, but not during time used to seek certiorari in U.S. Supreme Court after review by state post-conviction courts concludes). When added to the 936 days that elapsed between the finality of conviction (July 18, 2003) and the initiation of post-conviction proceedings (February 8, 2006), the instant petition was filed 1081 days after petitioner's conviction became final and 716 days after the one-year statute of limitations had run.

Petitioner does not contest any of the chronology set forth above. Instead, she argues (i) that a "state-created impediment" caused the untimeliness of her petition (Resp. at 1), and (ii) that the Court should excuse the tardy filing on equitable grounds. Both of her arguments hinge on the same factual predicate – namely, that the state Circuit Court Clerk's failure to provide Petitioner with a copy of the trial transcripts, or timely information about those transcripts, impeded her ability to file her state post-conviction petition.

An exception to the general statute of limitations of § 2244(d)(1)(A) is contained in § 2244(d)(1)(B), which permits a prisoner to file a habeas corpus petition within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner argues that the state's failure to provide her with her trial transcripts prevented her from filing her state post-conviction petition. However, in *Lloyd v. Van Natta*, the Seventh Circuit held that the state's failure to provide a petitioner with a transcript did not prevent him from filing his habeas corpus petition, and that accordingly the time limit contained in § 2244(d)(1)(B) did not apply. 296 F.3d 630, 633 (7th Cir. 2002). As the Seventh Circuit explained:

> Although neither § 2244 nor this circuit has defined what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition. Even though [petitioner] apparently has not yet received the transcripts he sought, he was able to raise the issue of prosecutorial misconduct in his federal habeas corpus petition. Although mere notice pleading is not sufficient in the habeas corpus context, there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief.

*Id*. As in *Lloyd*, the state's failure to provide Petitioner with a transcript did not prevent her from filing her state post-conviction petition. Rather, as demonstrated by the record, even without the trial transcripts, Petitioner was able to raise the relevant issues and provide sufficient factual

5

support for her claims. *Id*. Furthermore, if Petitioner desired the trial transcript to aid the state court, or this Court, in deciding her petition, she could have requested the court's help in obtaining the transcript through discovery *after* she filed her petitions. *Id*.

Petitioner also argues that the Court should excuse the tardy filing on equitable grounds because of the state's failure to provide her with trial transcripts. In general, under the doctrine of equitable tolling, a court may toll the statute of limitations to benefit an otherwise untimely litigant if the litigant can establish that (i) she had been pursuing his rights diligently and (ii) some extraordinary circumstance prevented timely action. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005). The Seventh Circuit has suggested that equitable tolling might be applied to 28 U.S.C. §2244(d) "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). At the same time, the court of appeals has stressed that "[e]quitable tolling is rarely granted" and recently observed that "we have yet to identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Petitioner's allegations also do not rise to the level of "extraordinary circumstances" under the second prong of *Pace*. See 544 U.S. at 418. In *Lloyd*, the court also held that lack of access to trial transcripts is not a basis for equitable tolling. See *Lloyd*, 296 F.3d at 633. The court determined that lack of access to trial transcripts would not preclude a petitioner from commencing habeas proceedings. In this case, Petitioner was present at her trial for aggravated kidnapping and knew the basis on which she could have asserted post-conviction claims. Under these circumstances, the Seventh Circuit found that a petitioner need not have a transcript in her possession to proceed with filing a habeas corpus petition. *Id*. at 634; see also *Montgomery v. Meloy*, 90 F.3d 1200, 1203-04 (7th Cir. 1996); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991)

(unavailability of document, the contents of which petitioner at least had constructive knowledge, did not prevent him from raising claim in his habeas petition); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (petitioner who attended evidentiary hearing did not need transcript to file habeas petition). Even if Petitioner was having difficulty obtaining trial transcripts, she still could have filed a petition and then supplemented the record at a later date, if necessary. See *Lloyd*, 296 F.3d at 633.

The one year limitations period under the AEDPA expired before Petitioner filed her state post-conviction petition, and Petitioner's arguments that this case presents the exceedingly rare circumstances in which equitable tolling may be warranted (see *Tucker*, 538 F.3d at 734) or is an appropriate case for invoking Section 2244(d)(1)(B) (see *Lloyd*, 296 F.3d at 633) are unavailing as a matter of fact, law, or both.

### III. Conclusion

For the foregoing reasons, the Court grants Respondent's motion to dismiss the petition for a writ of habeas corpus [14].

Dated: March 30, 2009

_____
Robert M. Dow, Jr.
United States District Judge

7